IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VINCENT ABELL,  \*
MODERN MANAGEMENT COMPANY  \*
\*
v.  \*  Civil No. JFM-06-1621
\*
DEBORAH H. DEVAN, TRUSTEE  \*
\*\*\*\*\*

OPINION

Vincent Abell and Modern Management Company ("Appellants") appeal from an order entered by the Bankruptcy Court denying them recovery for payments they made to First Horizon Home Loan Corporation, the mortgage holder on the home of Denise Boone ("the Debtor"). The Bankruptcy Court's ruling will be affirmed.

I.

On February 19, 2004, on the eve of a threatened foreclosure on her home by First Horizon, the Debtor executed and delivered to Appellants a sales agreement and deed which, by their terms, had the effect of transferring to Appellants the Debtor's interest in her home in return for Appellant's payment of the outstanding mortgage balance ($58,639) and anticipated foreclosure costs ($15,000). The Debtor and Appellants also entered into a lease agreement pursuant to which Appellants agreed to lease the home back to Debtor for a term of one year at a monthly rent of $1,118. The Debtor claims that she was told by Appellants that she was refinancing her home, not selling it. Appellants dispute this claim. They also assert that the Debtor did not reveal that she had filed a Chapter 13 proceeding two years before and that this proceeding was still pending.

Appellants immediately paid an arrearage due on the mortgage held by First Horizon and

periodically paid monthly mortgage payments that became due thereafter. The amount of the payments made by Appellants to First Horizon totaled $20,106.16.

Appellants never recorded the deed they received from Debtor. According to the undisputed evidence before the Bankruptcy Court, the fair market value of the Debtor's home at the time of the transaction between Appellants and the Debtor was $140,000.

On October 8, 2004, the Chapter 13 proceeding was converted to a Chapter 7 proceeding, and Deborah H. Devan was appointed to serve as the Chapter 7 trustee. After obtaining approval from the Bankruptcy Court, the trustee sold the property in question for $186,000. The net proceeds of the sale were slightly more than $111,000, after payment of the transaction costs and the remaining mortgage balance then due to First Horizon ($59,522.76).

Thereafter, pursuant to 11 U.S.C. §549, the trustee requested the Bankruptcy Court to avoid the Debtor's transfer of the subject property to Appellants. The Debtor also sought to recover $9,111 that plaintiffs had paid to Appellants for rental and late fees under the lease. The Bankruptcy Court granted both of these motions.[1] The Bankruptcy Court also denied a request made by Appellants to recover the $20,106.16 they had paid to First Horizon. It is that ruling which is the subject of this appeal.

II.

11 U.S.C. §550(e)(2)(D) entitles a person to recover "payment of any debt secured by a lien on . . . property that is superior or equal to the rights of the trustee," provided that the person is a *good faith* transferee of the property. Here, the Bankruptcy Court found that Appellants were not good faith transferees of the subject property. Because the Bankruptcy Court made this

---

[1] Appellants have not appealed the Bankruptcy Court's rulings on these points.

2

finding on a motion for summary judgment, its ruling is reviewed *de novo*. *See, e.g.*, *Commerce Funding Corp. v. Worldwide Sec. Servs. Corp.*, 249 F.3d 204, 209 (4th Cir. 2001). Summary judgment is, of course, to be granted where the evidence in the record demonstrates that no genuine issue of material fact exists. *See Fed. R. Civ. P.* 56(c).

Here, there is a genuine dispute as to whether the Debtor believed that she was merely refinancing her home, rather than selling it, when she entered into her transactions with Appellants. Her testimony that she believed that she was engaging in a refinancing transaction is, as contended by Appellants, drawn into question by the very terms of the documents she signed. Likewise, there is a genuine dispute as to whether she told Appellants at the time she entered into the transactions, that she had a Chapter 13 proceeding pending.[2]

When the record is considered as a whole, however, these disputes are not material. It is undisputed that Appellants never recorded the deed given to them by the Debtor or that the amount of consideration they agreed to pay for her home (approximately $73,500) was only a fraction of the fair market value of the property at the time of the transactions ($140,000). Both of these facts are well recognized "badges or indicia of fraud" that in and of themselves negate Appellants' claim of good faith as a matter of law. *See, e.g.*, *Harris v. Shaw*, 224 Ark. 150, 154 (1954) (citing 37 C.J.S., Fraudulent Conveyances, §79); *In re Otis and Edwards, P.C.*, 115 B.R. 900, 913 (Bankr. Ed. Mich. 1990); *Trinity Baptist Church of Bradenton, Florida, Inc.*, 25 B.R. 529, 532 (Bankr. M.D. Fla 1982). Indeed, as the Bankruptcy Court noted in his oral opinion in

---

[2] The materiality of the dispute as to whether the Debtor told Appellants about her Chapter 13 proceeding is subject to question. As the Bankruptcy Court noted, Appellants are professional money lenders, and at the time of their transactions with the Debtor her Chapter 13 proceeding had been pending for two years and was a matter of public record.

this case, "as far back as the Statute of Elizabeth, the English Parliament declared one of the badges of fraud in transfers that were calculated to hinder, delay or defraud creditors was the failure to record a deed that memorialized such a transfer."  (Tr. at 17); *see also Barbera v. Nathan*, 1996 Bankr. LEXIS 965, *21 (Bankr. E.D. Mich. 1996) ("Secret transfers are a badge of fraud.").

      A separate order affirming the Bankruptcy Court's ruling is being entered herewith.


Date: October 16, 2006          /s/_____
                                        J. Frederick Motz
                                        United States District Judge